UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENEE QUINTYNE,<br><br>                Plaintiff,<br><br>-against-<br><br>KENNETH DALY, KEVIN SHINE, MARIA COUPE, NIKKI RAMBIS, JOSEPH DONNINI, ROBERT MURRAY, JOHN EDEL, and ST. THOMAS AQUINAS COLLEGE,<br><br>                Defendants. | Case No. 1:25-cv-04865 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On June 10, 2025, *pro se* Plaintiff Renee Quintyne ("Plaintiff") filed the Complaint in this action against the above-listed individual defendants. *See* Dkt. 1. On June 16, 2025, the Court construed the Complaint as asserting claims against her employer, St. Thomas Acquinas College (together with the individual defendants, "Defendants"), and added that entity as a defendant. Dkt. 7. On September 17, 2025, the Court ordered Plaintiff to show cause why she had not served Defendants with the summons and Complaint within 90 days of filing it, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure or, if Plaintiff believed that Defendants had been served, to show when and in what manner that service was made. Dkt. 10.

On October 1, 2025, Defendants filed a motion to dismiss the Complaint for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. Dkt. 11; *see* Fed. R. Civ. P. 12(b)(1), (5)-(6). In their memorandum of law in support of that motion, Dkt. 12 ("Br."), Defendants conceded that Plaintiff had timely served Defendants Maria Coupe, Kevin Shine, Kenneth Daly, and Joseph Donnini, but argued that Plaintiff had failed to serve Defendants Niki Rambis, John Edel, Robert Murray, and St.

Thomas Aquinas College. Br. at 5-6. Defendants also noted that the individual defendants who had not been served are all employed by St. Thomas Aquinas College, where the other individual defendants also work and were served. *Id.* at 6. Though Plaintiff's opposition to that motion was due October 15, 2025, to date, Plaintiff has not filed opposition or asked for an extension of time to do so.

However, on October 12, 2025, in response to the Court's order to show cause, Plaintiff filed four affirmations of service showing that Defendants Maria Coupe, Kevin Shine, Kenneth Daly, and Joseph Donnini were each served with the summons and Complaint on September 10, 2025. Dkts. 16-19. In a letter filed the same day, Plaintiff explained that "only four of the [defendants] were served" because "a law student with the City Bar Program suggested that I reduce the list of [defendants] to be served," and as a result she "reduced [that list] to four." Dkt. 20. Thus, Plaintiff stated that "[f]our of the seven [defendants] were served within the 90 day time frame," and she asked for "extra time to serve the remaining defendants." *Id*.

Under Federal Rule of Civil Procedure 4(m), a court must extend a plaintiff's time to serve the Complaint "if the plaintiff demonstrates good cause." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016). "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). However, the Court also has "wide latitude . . . in deciding when to grant extensions on time to serve, including . . . grant[ing] extensions even absent good cause." *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010). "Factors relevant to the exercise of this discretion include, *inter alia*, the relative prejudice to the parties (including where the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a 'justifiable excuse' for the failure properly to serve." *Mares v. United*

2

*States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summary order); *accord Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18-cv-05448 (ER), 2021 WL 185040, at *5 (S.D.N.Y. Jan. 19, 2021).

The Court will grant Plaintiff an extension of time to serve the Complaint upon the remaining Defendants. Plaintiff, proceeding *pro se*, represents that she relied on advice given to her by a pro bono services organization in only serving four defendants. Although Plaintiff does not provide additional context for that advice, the Court has "an obligation to afford a special solicitude to *pro se* litigants," and "[t]he underlying rationale" of that obligation "is that a *pro se* litigant generally lacks both legal training and experience and, accordingly, is likely to forfeit important rights through inadvertence if [s]he is not afforded some degree of protection." *Zoulas v. New York City Dep't of Educ.*, No. 18-cv-02718 (GHW), 2021 WL 3932055, at *8 (S.D.N.Y. Sept. 1, 2021) (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cit. 2010)). Defendants also have not been prejudiced by the delay. The unserved Defendants had actual notice of the Complaint, given that all Defendants timely filed a motion to dismiss after just four of the individual Defendants had been served. *See* Br. at 5-6.

Accordingly, the Court extends Plaintiff's time to serve the Complaint on the remaining Defendants to October 29, 2025. The Court also grants Plaintiff, as a courtesy in light of her *pro se* status, an extension to file opposition to Defendants' motion to dismiss; she must do so no later than **November 5, 2025**.

Dated: October 23, 2025
      New York, New York

                                      SO ORDERED.

                                      JENNIFER L. ROCHON
                                      United States District Judge